■ VICTORIA RENDELL, Respondent, v. ROBERT F. ALIOTO, as Superintendent of the Yonkers Public Schools, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to review two determinations of appellant Superintendent of Schools, (1) the first, dated April 12, 1972 and made after a hearing, (a) stating that petitioner, a teacher in appellants' school system, had engaged in a strike and (b) imposing penalties prescribed by section 210 (subd. 2, pars. [f], [g]) of the Civil Service Law, and (2) the second, dated June 21, 1972, transferring petitioner to a "Permanent Substitute Pool" status, the appeal is from a judgment of the Supreme Court, Westchester County, dated September 13, 1972, which *inter alia* reinstated petitioner to her former position, with seniority, tenure and restoration of salary rights and other benefits. Judgment reversed and determinations annulled, on the law, without costs, and matter remitted to appellants for a new hearing and determination. We agree with Special Term that petitioner was deprived of due process in that she was not given a fair hearing. She was not afforded an opportunity to confront and cross-examine witnesses; sworn statements were not taken; stenographic minutes were not taken at the hearing; and findings of fact were not made. However, it is our opinion that under the circumstances of this case the appropriate remedy is a new hearing at which petitioner's rights will be safeguarded. We reach no other question. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.

■ HILDA ROSNER, Appellant, v. AARON ROSNER, Respondent.— In an action *inter alia* for separation, plaintiff appeals from an order of the Supreme Court, Westchester County, dated December 14, 1972, which denied her motion for leave to serve an amended complaint. Order reversed, with $10 costs and disbursements, and motion granted. The amended complaint must be served within 20 days after entry of the order to be made hereon. The original complaint stated several causes of action. The proposed amended complaint seeks to delete the cause of action seeking a separation. Plaintiff no longer wishes to obtain such relief. Under the circumstances, the denial of the motion was an improvident exercise of discretion. Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.